# EXHIBIT A

Case 2:22-cv-06159-JAK-PD   Document 1-1   Filed 08/30/22   Page 2 of 21   Page ID #:5

Electronically FILED by Superior Court of California, County of Los Angeles on 04/06/2020 12:59 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Holly Fujie

**MANN ROGAL LLP**
MATTHEW L. MANN, ESQ. (SBN: 276220)
JUSTIN R. ROGAL, ESQ. (SBN: 273352)
3055 Wilshire Boulevard, Suite 630
Los Angeles, California 90010
Telephone: (310) 620-2314
Facsimile: (310) 620-2314

**PAYTON EMPLOYMENT LAW**
CHANTAL MCCOY PAYTON, ESQ. (SBN: 293215)
3807 W. Sierra Highway, Suite 206
Acton, California 93510
Telephone: (661) 434-1144
Facsimile: (661) 434-1144
CPayton@PaytonEmploymentLaw.com

Attorneys for Plaintiff Katrina George

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| KATRINA GEORGE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STAR CREATIONS, INC., a California Corporation; STAR CREATIONS, INC. WHICH WILL DO BUSINESS IN THE STATE OF CALIFORNIA AS STAR CREATIONS SERVICES; MARC WEINGARDT, an individual; DOES 1-10, business entities, forms unknown; DOES 11-20, individuals; and DOES 21-30, inclusive,<br><br>Defendants. | Case No.:  20STCV13403<br><br>**Plaintiff Katrina George's Complaint for:**<br><br>1. **Hostile Work Environment/Gender and Sex-Based Harassment in Violation of Government Code § 12940(j);**<br>2. **Sexual Harassment (Quid Pro Quo);**<br>3. **Hostile Work Environment/Race-Based Harassment in Violation of Government Code § 12940(j);**<br>4. **Retaliation (Quid Pro Quo) in Violation of FEHA (Gov. Code § 12940 (h));**<br>5. **Retaliation in Violation of Government Code § 1102.5(b);**<br>6. **Wrongful Termination in Violation of Public Policy;**<br>7. **Failure to Pay Vested Vacation Time (Labor Code §§ 227.3 and 201)**<br>8. **Waiting-Time Penalties (L.C. § 201-203);**<br>9. **Failure to Permit Inspection of Employee Records (Labor Code § 226(b));**<br>10. **Failure to Provide Copies of Employment Instruments (Labor Code §432 and Bus. & Prof. Code §§ 17200, et seq.));**<br>11. **Failure to Permit Inspection of Employee Records (Labor Code § 1198.5); and**<br>12. **Failure to Reimburse Required Business Expenses (L.C. § 2802 and Wage Order 4-2001 § 9).**<br><br>**[DEMAND FOR JURY TRIAL]** |

**PAYTON EMPLOYMENT LAW**
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

**PLAINTIFF KATRINA GEORGE'S COMPLAINT**

Plaintiff KATRINA GEORGE ("Plaintiff") hereby files this complaint against STAR CREATIONS, INC.; STAR CREATIONS, INC. WHICH WILL DO BUSINESS IN THE STATE OF CALIFORNIA AS STAR CREATIONS SERVICES; and DOES 1-10; (hereinafter "Employer Defendants" or "SCI"), MARC WEINGARDT (hereinafter "Individual Defendant" or "Weingardt") and DOES 11-30 (collectively "Defendants"). Plaintiff is informed and believes, and based thereon alleges, unless otherwise indicated, as follows:

## I.   NATURE OF THE ACTION

1.   Plaintiff files this action to recover damages and obtain other remedies afforded to her by law for violations of the California Labor Code and the Fair Employment and Housing Act ("FEHA") arising from Defendants' unlawful practices. Plaintiff brings this action against Defendants for Hostile Work Environment and Sexual Harassment (Quid Pro Quo) in Violation of the Fair Employment & Housing Act ("FEHA"); Retaliation (Quid Pro Quo) in Violation of FEHA; Retaliation in Violation of Government Code § 1102.5(b); Wrongful Termination in Violation of Public Policy; Failure to Pay Vested Vacation Time; Waiting-Time Penalties; Failure to Permit Inspection of Employee Records; Failure to Provide Copies of Employment Instruments; Failure to Permit Inspection of Employee Records; statutory damages and penalties, punitive damages, prejudgment interest, costs, attorneys' fees, and other appropriate relief for Defendants' unlawful conduct.

## II.   PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff Katrina George (hereinafter "Plaintiff" or "Ms. George") is an individual who, at all times relevant to this action, resided in the County of Los Angeles, State of California.

3.   Plaintiff is informed, believes and thereupon alleges that Defendant Star Creations, Inc. is now, and was at all times mentioned in this Complaint, a California Corporation doing business in the State of California, and was Plaintiff's employer at all times relevant herein.

4.   Plaintiff is informed, believes and thereupon alleges that Defendant Star Creations, Inc. which will do business in the state of California as Star Creations Services is now, and was at all times mentioned in this Complaint, an Illinois Corporation doing business in the State of California, and was Plaintiff's employer at all times relevant herein.

5.   Plaintiff is informed, believes and thereupon alleges that Defendant Marc Weingardt is an

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

1 individual residing in the State of California, and was the Chief Executive Officer of SCI at all times

2 relevant herein.

3 6.     Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate

4 or otherwise, of the Defendants sued herein under fictitious names Does 1 through 30, inclusive, and

5 for that reason sues said Defendants, and each of them, by such fictitious names.  Plaintiff is informed,

6 believes, and thereupon alleges that each of the Defendant Does 1 through 30, inclusive, is and was in

7 some manner responsible for, participated in, or contributed to the matters and things of which Plaintiff

8 complains herein, and in some fashion, has legal responsibility therefore.  When Plaintiff ascertains the

9 names and capacities of the fictitiously named Defendant Does 1 through 30, inclusive, Plaintiff will

10 seek leave to amend this Complaint to set forth such facts.

11 7.     Plaintiff is informed, believes, and there upon alleges that each Defendant is, and at all times

12 relevant herein was, the agent of his, her, or its co-defendants, and in committing the acts alleged herein,

13 was acting within the scope of his, her, or its authority as such agent, and with the knowledge,

14 permission, and consent of his, her, or its co-defendants.

15 8.     Venue is proper in the Superior Court of California, County of Los Angeles, as this Court has

16 personal jurisdiction over Defendants pursuant to Code of Civil Procedure § 395.  Plaintiff worked in

17 and violations occurred Los Angeles County.

18 **III.     EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19 9.     Plaintiff has obtained a right to sue and confirmation from the DFEH that her complaint will not

20 be pursued by the DFEH.  Plaintiff is therefore entitled to proceed with a civil action to pursue all

21 remedies available to her by law. Plaintiff has timely exhausted all administrative remedies.

22 **IV.     ALTER EGO ALLEGATIONS**

23 10.     Plaintiff is further informed and believes and thereon alleges that Defendant Weingardt was

24 and at all times mentioned herein did completely control, dominate, manage and/or operate Defendant

25 Star Creations, Inc. and Star Creations, Inc. which will do business in the state of California as Star

26 Creations Services as his alter ego, such that any separateness between them has ceased to exist and

27 recognition of the form of Defendant Star Creations, Inc. and Star Creations, Inc. which will do

28 business in the state of California as Star Creations Services would operate as a sham because it is the

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

1   alter ego of Defendant Weingardt.

2   11.     At all relevant times, there existed a unity of interest and ownership between the two such that

3   any individuality and separateness between the two has ceased.  Because either Employer Defendants

4   was inadequately capitalized or it was a mere shell, instrumentality and conduit through which

5   Defendant Weingardt carried on their business, exercising complete control and dominance over such

6   business that any individuality and separateness did not exist, assets were commingled or Defendant

7   Weingardt used such corporate assets for their personal use, or caused the corporate assets to be

8   transferred to them without adequate consideration, withdrew funds from the bank accounts for their

9   person use and/or intermingled assets, liabilities, and obligations between the three.

10   12.     It would sanction a fraud or promote injustice to uphold the corporate entity of Defendant Star

11   Creations, Inc. and Star Creations, Inc. Which Will Do Business In The State Of California As Star

12   Creations Services and allow Defendant Weingardt to escape personal liability for its debts.

13   13.     Labor Code § 558.1 provides that "Any employer or other person acting on behalf of an

14   employer, who violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may

15   be held liable as the employer for such violation."  Defendant Weingardt was an "other person(s) acting

16   on behalf of" Defendant Star Creations, Inc. and Star Creations, Inc. which will do business in the state

17   of California as Star Creations Services, as defined by Labor Code § 558.1(b), for the purposes of Labor

18   Code § 558.1.  As such, Defendant Weingardt may be held personally liable for Labor Code violations

19   alleged herein.

20   **V.      FACTUAL ALLEGATIONS**

21        *A.  Background*

22   14.     Katrina George ("Ms. George") began working at SCI as a Senior Designer on October 10,

23   2016. Although Employer Defendants' headquarters is in Illinois, Ms. George worked remotely from

24   her home office in California and reported to and worked very closely with Employer Defendants'

25   president, Mark Weingardt ("Mr. Weingardt"). Ms. George would also typically visit the office in

26   Illinois once or twice a month for several days during each trip.

27        *B.  Unlawful Harassment and Retaliation by Mr. Weingardt*

28   15.     In her position, Ms. George was responsible for a team in Chicago where six people reported

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

to her on the design team. Although Ms. George was told she was in charge of this team, Mr. Weingardt would consistently speak negatively about Ms. George both during and after the design team daily meetings to the staff in the Chicago office. Since Ms. George worked remotely, she would either be berated during conference calls or learn of comments Mr. Weingardt made about her directly from the employees on the team.

16.     At this time, Ms. George was the only African-American employee at SCI (including at the headquarters and the employees working remotely). Ms. George noticed that she did not hear Mr. Weingardt speak to the other employees in the same manner he spoke to her. In addition, Ms. George was further made uncomfortable by Mr. Weingardt's racially insensitive comments on multiple occasions, including comments Mr. Weingardt made about the only other African-American employee that was hired in the Chicago office after Ms. George. Mr. Weingardt would also consistently undermine Ms. George in front of her team and yell at her during their daily team meetings.

17.     Beginning in 2019 and throughout her employment. Ms. George was forced to endure various instances of racial and sexual harassment, including, but not limited to:

    a.  On multiple occasions, Mr. Weingardt would hug Ms. George unexpectedly and without her consent including from behind;

    b.  In March 2019, Ms. George told Mr. Weingardt that she did not feel comfortable with him in her personal space when he gives her hugs and asked for him to stop hugging her;

    c.  On multiple occasions, Mr. Weingardt would make racial comments including: referring to the employees who worked in the field during the warmer months as "cotton pickers", and making other racially insensitive comments, which Ms. George said was inappropriate; and

    d.  On multiple occasions, Mr. Weingardt would yell at her, use profanity, etc. when they were the only ones on the call and/or in a room and in front of other employees including employees she was supposed to manage.

18.     On or around March 25, 2019, Ms. George went to visit the Chicago office. As she was preparing to leave, Mr. Weingardt came from behind where she was standing and wrapped his arms around her before she could realize what was happening. This was not the first time Mr. Weingardt touched her without her consent and in a way that made her extremely uncomfortable. Given how

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

1  incredibly uncomfortable she felt, Ms. George wanted to make it clear she did not want to be touched
2  in that way by her manager. She asked him to respect her personal space and to not touch her that way
3  again.

4  19.     On April 15, 2019, within weeks of opposing Weingardt's unlawful sexual harassment, Ms.
5  George's employment was suddenly unlawfully terminated for stated reasons that were entirely
6  pretexual in retaliation for her protected activity.

7  ***C. Labor Code Violations***

8  20.     After learning of her termination, Ms. George emailed the human resource representative to
9  request a copy of her personnel file on April 16, 2019. After following up again on her request and
10 having not received her final paycheck as of April 23, 2019, Ms. George again reached out. She
11 eventually received a check on May 6, 2019 which was dated for April 26, 2019 but it did not include
12 a payout of her remaining accrued vacation time.

13 21.     In order to discharge their job duties for Employer Defendants, Ms. George incurred various
14 reasonable and necessary expenses in the course of completing her duties, including but not limited to
15 expenses associated with the use of her personal cell phone,  personal vehicle, home internet, and
16 residence to perform her job duties.  Such expenses were not reimbursed by Employer Defendants.

17 22.     Ms. George ultimately also never received a copy of her personnel file, even after it was
18 requested by her counsel.  Her counsel requested a copy of her personnel file, payroll records, and
19 documents signed in the course of employment in writing on May 28, 2019, June 15, 2019, July 5,
20 2019, and October 15, 2019 and such records were never provided in response.

21                          **FIRST CAUSE OF ACTION**
22           **HOSTILE WORK ENVIRONMENT/RACE-BASED HARASSMENT**
23              **IN VIOLATION OF GOVERNMENT CODE § 12940(j)**
24                        **(Against All Defendants)**

25 23.     Plaintiff alleges and incorporates by reference the foregoing allegations as though fully set forth
26 herein.

27 24.     Plaintiff, at all times relevant hereto, was an "employee" of Defendants, as defined by
28 Government Code § 12926(c), for the purposes of Government Code § 12940(j), which prohibits

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

1  harassment based on race in employment.

2  25.     Mr. Weingardt was at all material times, an owner of Defendants who are subject to personally

3  liability for any harassment prohibited by Government Code § 12940(j) that was perpetrated by Mr.

4  Weingardt, regardless of whether Employer Defendants knew or should have known of the conduct

5  and failed to take immediate and appropriate corrective action.

6  26.     Mr. Weingardt harassed Plaintiff based on race in violation of Government Code § 12940(j) by

7  engaging in the course of conduct more fully set forth elsewhere herein, and such harassment was a

8  substantial factor in causing the harm to Plaintiff alleged herein.

9  27.     The harassment suffered by Plaintiff was severe and pervasive, such that a reasonable individual

10 in Plaintiff's circumstance would have considered the work environment to be hostile or abusive, and

11 Plaintiff did, in fact, consider the work environment to be hostile or abusive.

12 28.     Defendants knew, or reasonably should have known, that their owner was engaged in unlawful

13 harassing behavior toward Plaintiff on the basis of race.

14 29.     Defendants failed to take any meaningful preventative action against those managers,

15 supervisors, and employees who were harassing Plaintiff or enabling others to do so.

16 30.     Defendants authorized and ratified the wrongful acts of their agents and employees, knew in

17 advance that their agents and employees were likely to commit such acts and employed them with

18 conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents

19 were themselves guilty of oppression and malice.

20 31.     As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered and continues

21 to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and

22 (b) loss of past and future earnings, status and future status, and employment benefits and opportunities,

23 on account of which Plaintiff is entitled to compensatory damages in an amount to be established

24 according to proof at trial.  Plaintiff claims such amount together with prejudgment interest pursuant

25 to Civil Code § 3287 or 3288 and any other applicable provision of law.

26 32.     As a further direct and proximate result of Defendants' violation of Government Code §

27 12940(j), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal

28 fees and costs.  Plaintiff requests an award of such attorneys' fees and costs pursuant to Government

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

7
**PLAINTIFF KATRINA GEORGE'S COMPLAINT**

Code § 12965(b).

33.     The sexual harassment perpetrated by Defendants was intentional, malicious, wanton, and oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein.  Such acts amount to oppression and malice, as described in Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## SECOND CAUSE OF ACTION

### SEXUAL HARASSMENT (QUID PRO QUO) IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT ("FEHA")

#### (Against All Defendants)

34.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

35.     The Fair Employment and Housing Act prohibits an employer or any person from harassing an employee, applicant, unpaid intern or volunteer, or a person providing services pursuant to a contract, because of race.

36.     At all times herein relevant, STAR CREATIONS, INC.; STAR CREATIONS, INC. WHICH WILL DO BUSINESS IN THE STATE OF CALIFORNIA AS STAR CREATIONS SERVICES; MARC WEINGARDT and the DOE defendants, and each of them, were and are employers, supervisory employees and/or employees subject to the provisions of FEHA.  At all times herein relevant, Plaintiff was and is an employee subject to the protections of FEHA.

37.     Mr. Weingardt, Plaintiff's supervisor, forced Plaintiff to engage in unwanted sexual conduct with him, engaged in unwanted sexual advances towards her, and engaged in unwanted verbal and/or physical conduct of a sexual nature, all of which was unwanted and against Plaintiff's will.

38.     The terms of Plaintiff's employment, job benefits, or favorable working conditions were made contingent, by Mr. Weingardt's words or conduct, on Plaintiff's acceptance of Mr. Weingardt's forced sexual advances and conduct.

39.     Defendants, and each of them, are strictly liable under the FEHA for engaging in the above-mentioned conduct because Mr. Weingardt was Plaintiff's supervisor.

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

40.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out-of-pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

41.     As a further direct and proximate result of these Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to her detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

42.     By engaging in the conduct alleged herein, these Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously toward Plaintiff, with conscious disregard for her known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, these Defendants intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

43.     Plaintiff is entitled to costs and reasonable attorney's fees pursuant to California Government Code § 12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code § 12965(c).

## THIRD CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT/RACE-BASED HARASSMENT

### IN VIOLATION OF GOVERNMENT CODE § 12940(j)

### (Against All Defendants)

44.     Plaintiff alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

45.     Plaintiff, at all times relevant hereto, was an "employee" of Defendants, as defined by Government Code § 12926(c), for the purposes of Government Code § 12940(j), which prohibits harassment based on race in employment.

46.     Mr. Weingardt was at all material times, an owner of Defendants who are subject to personally

1   liability for any harassment prohibited by Government Code § 12940(j) that was perpetrated by Mr.

2   Weingardt, regardless of whether Employer Defendants knew or should have known of the conduct

3   and failed to take immediate and appropriate corrective action.

4   47.   Mr. Weingardt harassed Plaintiff based on race in violation of Government Code § 12940(j) by

5   engaging in the course of conduct more fully set forth elsewhere herein, and such harassment was a

6   substantial factor in causing the harm to Plaintiff alleged herein.

7   48.   The harassment suffered by Plaintiff was severe and pervasive, such that a reasonable individual

8   in Plaintiff's circumstance would have considered the work environment to be hostile or abusive, and

9   Plaintiff did, in fact, consider the work environment to be hostile or abusive.

10   49.   Defendants knew, or reasonably should have known, that their owner was engaged in unlawful

11   harassing behavior toward Plaintiff on the basis of race.

12   50.   Defendants failed to take any meaningful preventative action against those managers,

13   supervisors, and employees who were harassing Plaintiff or enabling others to do so.

14   51.   Defendants authorized and ratified the wrongful acts of their agents and employees, knew in

15   advance that their agents and employees were likely to commit such acts and employed them with

16   conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents

17   were themselves guilty of oppression and malice.

18   52.   As a result of Defendants' unlawful harassment of Plaintiff, Plaintiff has suffered and continues

19   to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and

20   (b) loss of past and future earnings, status and future status, and employment benefits and opportunities,

21   on account of which Plaintiff is entitled to compensatory damages in an amount to be established

22   according to proof at trial.  Plaintiff claims such amount together with prejudgment interest pursuant

23   to Civil Code § 3287 or 3288 and any other applicable provision of law.

24   53.   As a further direct and proximate result of Defendants' violation of Government Code §

25   12940(j), Plaintiff has been compelled to retain the services of counsel and will continue to incur legal

26   fees and costs.  Plaintiff requests an award of such attorneys' fees and costs pursuant to Government

27   Code § 12965(b).

28   54.   The sexual harassment perpetrated by Defendants was intentional, malicious, wanton, and

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein. Such acts amount to oppression and malice, as described in Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## FOURTH CAUSE OF ACTION

## RETALIATION (QUID PRO QUO) IN VIOLATION OF FEHA

## (GOVERNMENT CODE § 12940 (H))

### (Against All Defendants)

55. Plaintiff re-alleges and incorporates by reference each, and every allegation contained in the preceding paragraphs as though fully set forth herein.

56. Government Code section 12940(h) provides that it is unlawful for an employer to retaliate against a person "because the person has opposed any practices forbidden under [Government Code sections 12900 through 12966] or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

57. Employer Defendants retaliated against Plaintiff because Plaintiff opposed the unlawful harassment that she was subjected to in the course of her employment with Defendants.

58. In exercising her rights under FEHA, Plaintiff engaged in legally protected activity by opposing and complaining about unlawful conduct by Employer Defendants.

59. Instead of taking remedial measures to prevent unlawful conduct from continuing to occur, Employer Defendants decided to retaliate against Plaintiff as a result of her protected activities in violation of Government Code Section 12940(h) by engaging in the adverse employment actions described herein, which adversely and materially affected Plaintiff's employment and ultimately resulted in Plaintiff's termination.

60. Plaintiff's opposition to and complaints about the harassing and unlawful conduct of Employer Defendants were substantial motivating factors for Employer Defendants' adverse employment actions, causing Plaintiff harm.

61. Defendants' conduct was a substantial factor in causing Plaintiff harm.

62. There was a causal connection between Plaintiff's protected activity and the adverse

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

1  employment actions.

2  63.     As a direct and proximate result of the acts of Defendants, and each of them, as alleged above,

3  Plaintiff has incurred compensatory damages, including lost earnings and other economic damages and

4  has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be

5  ascertained at the time of trial.

6  64.     As a direct and proximate result of the acts of Defendants as alleged above, Plaintiff will

7  necessarily continue to expend sums in the future for the treatment of the physical, emotional injuries

8  sustained by Plaintiff as a result of said Defendants' acts in an amount to be ascertained at the time of

9  trial.

10 65.     As a direct and proximate result of the acts of Defendants, and each of them, as alleged above,

11 Plaintiff has suffered emotional distress and has been generally damaged in an amount to be ascertained

12 at the time of trial.

13 66.     As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has

14 necessarily incurred and will continue to incur attorneys' fees and costs in an amount to be proven at

15 the time of trial. Pursuant to the provisions of Gov. Code § 12965 (b), Plaintiff is entitled to the

16 reasonable value of such attorneys' fees and costs.

17 67.     Plaintiff requests interest, attorneys' fees, costs, damages, declaratory and injunctive relief,

18 and other remedies in an amount to be proven at trial.

19                     **FIFTH CAUSE OF ACTION**

20        **RETALIATION IN VIOLATION OF LABOR CODE § 1102.5 (B)**

21                        **(Against All Defendants)**

22 68.     Plaintiff re-alleges and incorporates by reference each, and every allegation contained in the

23 preceding paragraphs as though fully set forth herein.

24 69.     At all times herein relevant, Labor Code § 1102.5 was in full force and effect.

25 70.     California Labor Code section 1102.5(b) provides that "An employer, or any person acting on

26 behalf of the employer, shall not retaliate against an employee for disclosing information…to a person

27 with authority over the employee or another employee who has the authority to investigate, discover,

28 or correct the violation or noncompliance…if the employee has reasonable cause to believe that the

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE, 400, LOS ANGELES, CA 90064

information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation..."

71.    Plaintiff disclosed to her employer information that she had reasonable cause to believe constituted a violation of state or federal law.  Plaintiff had reasonable cause to believe that the information she disclosed constituted violations of state and federal statutes, and the information Plaintiff reported sexual harassment by her supervisor, which did in fact disclose violations of state and federal statutes, including the California Fair Employment and Housing Act.

72.    Employer Defendants failed to address, remedy or give Plaintiff the authority to remedy any of these reported violations.

73.    Employer Defendants retaliated against Plaintiff for making the disclosures described herein by engaging in the retaliatory actions described herein, which ultimately resulted in Plaintiff being subjected to the actions detailed herein.

74.    There was a causal connection between Plaintiff's protected activity and the retaliatory actions described herein.

75.    Defendant's conduct was a substantial factor in causing Plaintiff's harm.

76.    As a direct and proximate result of the acts of Defendants, as alleged above, Plaintiff has incurred and will continue to incur compensatory damages, including lost earnings and other economic damages, in an amount according to proof at trial.

77.    As a further direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has suffered and will continue to suffer emotional distress and has been generally damaged in an amount to be ascertained at trial.

78.    The above-described acts of Employer Defendant, and each of them, were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Employer Defendants and to deter others from engaging in similar conduct.

79.    Employer Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

agents were themselves guilty of oppression, fraud, and malice. Those who retaliated against Plaintiff were managing agents who were vested with discretionary authority to make decisions affecting company policy regarding significant aspects of the Defendant's business. These managing agents acted with malice in engaging in the actions detailed herein in that they retaliated against Plaintiff because of the complained about California and federal statutory violations despite knowing it was illegal to do so under California law, in conscious disregard of Plaintiff's rights.  In engaging in the aforementioned conduct, Employer Defendants aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of Labor Code § 1102.5 (b).

80.    As a further direct and proximate result of the above-described acts of Employer Defendants, Plaintiff has necessarily incurred attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

#### (Against All Defendants)

81.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

82.    Irrespective of any employment contract, Defendants' right to discharge Plaintiff was subject to limits imposed by public policy of the State of California.

83.    It is settled that an employer's discharge of an employee in violation of a fundamental public policy embodied in a constitutional or statutory provision gives rise to a tort action for wrongful termination in violation of public policy.

84.    Defendants' discharge of Plaintiff violated the public policy of the State of California, as expressed in provisions of the Constitution of the State of California, including Article I § 8, Government Code § 12940, *et seq.*, and Labor Code § 1102.5(b), which prohibit retaliation for protected complaints and opposition to harassment.

85.    Employer Defendants retaliated against Plaintiff because Plaintiff opposed the unlawful harassment that she was subjected to in the course of her employment with Employer Defendants.

86.    In exercising her rights under FEHA, Plaintiff engaged in legally protected activity by opposing and complaining about unlawful conduct by Employer Defendants.

87.     Employer Defendants' decision to terminate Plaintiff was substantially motivated by Plaintiff's opposition to and complaints about sexual harassment, as such, there was a causal connection between Plaintiff's protected activity and Plaintiff's termination, and such termination was a substantial factor in causing the harm to Plaintiff alleged herein.

88.     Defendants authorized and ratified the wrongful acts of their agents and employees, knew in advance that their agents and employees were likely to commit such acts and employed them with conscious disregard of the rights or safety of others, and/or their officers, directors, or managing agents were themselves guilty of oppression and malice.

89.     As a result of Defendants' unlawful termination of Plaintiff's employment, Plaintiff has suffered and will continue to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, status and future status, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages in an amount to be established according to proof.  Plaintiff claims such amount together with prejudgment interest pursuant to Civil Code § 3287 or 3288 and any other applicable provision of law.

90.     As a further direct and proximate result of Defendants' termination of Plaintiff's employment in violation of the FEHA, Plaintiff has been compelled to retain the services of counsel and will continue to incur legal fees and costs.  Plaintiff requests an award of such attorneys' fees and costs pursuant to Government Code § 12965(b).

91.     Defendants' unlawful and wrongful termination of Plaintiff was intentional, malicious, wanton, and oppressive, with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause Plaintiff the injuries alleged herein.  Such acts amount to oppression and malice, as described in Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PAY VESTED VACATION TIMEPER LABOR CODE §§ 227.3 AND 201

### (Against All Defendants)

92.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

93.     Labor Code § 227.3 provides that ". . . whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off [her] vested vacation time, all vested vacation shall be paid to [her] as wages at [her] final rate . . . "

94.     Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon discharge.

95.     Employer Defendants failed to timely pay Plaintiff all wages vested vacation as required by Labor Code §§ 201 and 227.3.  To date, Employer Defendants have still not paid Plaintiff all earned wages.

96.     Employer Defendants willfully failed to pay Plaintiff wages pursuant to the requirements of Labor Code § 227.3, and therefore Plaintiff is entitled to recover those unpaid wages, interest thereon pursuant to Labor Code § 218.6, plus attorneys' fees and costs pursuant to Labor Code § 218.5, in amounts to be established according to proof at trial.

## EIGHTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### LABOR CODE § 201-203

### (Against All Defendants)

97.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though set forth herein.

98.     California Labor Code § 201 requires employers to pay all compensation due and owing to their employees immediately upon discharge.

99.     California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge as required by Section 201, then the employer is liable for such "waiting time" penalties in the form of continued compensation up to thirty days.

100.     Employer Defendants, terminated the employment relationship with Plaintiff, failed to pay all of Plaintiff's wages due immediately upon her termination as proscribed by Labor Code § 201. To date, the Employer Defendants have still not paid Plaintiff all earned wages.

Plaintiff is informed and believes and based thereon alleges that the Employer Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code § 201, and therefore Plaintiff

1  is entitled to recover unpaid wages, waiting-time penalties under Labor Code § 203, plus attorneys'

2  fees and costs, in an amount to be proved at trial.

3  **NINTH CAUSE OF ACTION**

4  **FAILURE TO PERMIT INSPECTION OF EMPLOYEE RECORDS**

5  **LABOR CODE § 226**

6  **(Against All Defendants)**

7  101.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set

8  forth herein.

9  102.    Labor Code § 226 (b) and (c) requires an employer to allow inspection and copying of pay

10  statement records within 21 days of a written or oral request.  Section 226(f) and (h) further provides

11  for a $750 penalty payable to the employee for each violation, and allows an employee to sue for

12  injunctive relief and for an award of attorneys' fees and costs.

13  103.    Employer Defendants have failed and refused to comply with Labor Code § 226 by refusing to

14  permit Plaintiff to inspect or copy records pertaining to her employment with Employer Defendants.

15  104.    As a result of Employer Defendants unlawful acts, as described herein, Plaintiff is entitled to

16  recover a civil penalty of $750 dollars, pursuant to Labor Code § 226(f).

17  105.    Furthermore, as permitted under Labor Code § 226(h), Plaintiff seeks an injunction compelling

18  Employer Defendants to permit them to inspect and/or copy all of the records maintained by Employer

19  Defendants pursuant to Labor Code § 226(a), along with an award of Plaintiff's reasonable attorneys'

20  fees and costs.

21  **TENTH CAUSE OF ACTION**

22  **FAILURE TO PROVIDE COPIES OF EMPLOYMENT INSTRUMENTS**

23  **LABOR CODE § 432 AND BUS. & PROF. CODE §§ 17200, ET SEQ.**

24  **(Against All Defendants)**

25  106.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set

26  forth herein.

27  107.    Labor Code § 432 requires an employer to provide an employee, upon request, a copy of any

28  instrument signed by that employee in relation to obtaining or holding employment.

**PAYTON EMPLOYMENT LAW**
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

108.    Employer Defendants have failed and refused to comply with Labor Code § 432.  Such conduct is unlawful and unfair within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*  On information and belief, such conduct, coupled with the above violations is reflective of an ongoing pattern and practice such that injunctive relief is warranted in order to compel Employer Defendants to produce the subject documents. Should the Court grant such an injunction, Plaintiff seeks an award of attorneys' fees for conferring a public benefit by prompting Employer Defendants to change their practices or policies to comply with Labor Code § 432.  Plaintiff also seek attorneys' fees and costs without reference to Bus. & Prof. Code §§ 17200, *et seq.*, to the extent permitted by law.

## ELEVENTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF EMPLOYEE RECORDS

### LABOR CODE § 1198.5

### (Against All Defendants)

109.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

110.    Labor Code § 1198.5 requires an employer to allow inspection and copying of personnel records within 30 days of a written request.  The Section provides for a $750 penalty payable to the employee for failure to comply, and allows an employee to sue for injunctive relief and to obtain an award of costs and attorneys' fees.

111.    Employer Defendants have failed and refused to comply with Labor Code § 1198.5 by refusing to permit Plaintiff to inspect or copy their personnel records within 30 days of Plaintiff's written request.

112.    As a result of Employer Defendants unlawful acts, as described herein, Plaintiff is entitled to recover a civil penalty of $750 dollars, pursuant to Labor Code § 1198.5(k).

113.    Furthermore, as permitted under Labor Code § 1198.5(l), Plaintiff seeks an injunction compelling Employer Defendants to permit them to inspect and/or copy all of their personnel records maintained by Employer Defendants, along with an award of Plaintiff's reasonable attorneys' fees and costs.

///

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

PAYTON EMPLOYMENT LAW
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE. 400, LOS ANGELES, CA 90064

## TWELVETH CAUSE OF ACTION

### FAILURE TO REIMBURSE REQUIRED BUSINESS EXPENSES

### IN VIOLATION OF LABOR CODE § 2802 AND WAGE ORDER 4-2001 § 9

#### (Against All Defendants)

114.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

115.    Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

116.    Throughout her employment with Employer Defendants, Plaintiff incurred various expenditures on behalf of Employer Defendants, including but not limited to expenses associated with the use of her personal cell phone,  personal vehicle, home internet, and residence to perform her job duties.  Employer Defendants failed and refused to reimburse these expenditures incurred by Plaintiff in direct consequence of the discharge of her duties or obedience to the directions of Employer Defendants.

117.    Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fee and costs, under Labor Code § 2802.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1.    For an award of all actual, consequential, and incidental financial losses suffered by Plaintiff, including lost employment benefits, mental and emotional distress, and other special and general damages;

2.    For an award of punitive damages against any and/or all Defendant(s);

3.    For an award of damages in the amount of unpaid wages (including vested vacation time pursuant to Labor Code § 227.3) and interest thereon;

4.    Waiting Time Penalties and interest thereon pursuant to Labor Code § 203;

5.    Unreimbursed business expenses and interest thereon pursuant to Labor Code § 2802;

6.      For costs of suit, including attorney fees under any applicable statutory or contractual basis;

7.      Pre-judgment and post-judgment interest;

8.      Restitutionary damages according to proof;

9.      Injunctive relief; and

10.     For such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Dated: April 6, 2020                                    **PAYTON EMPLOYMENT LAW**

By: _C. Payton_____
                                                       Chantal McCoy Payton, Esq.
                                                       Attorneys for Plaintiff
                                                       Katrina George

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury of this action.

Respectfully submitted,

Dated: April 6, 2020                                    **PAYTON EMPLOYMENT LAW**

By: _C. Payton_____
                                                       Chantal McCoy Payton, Esq.
                                                       Attorney for Plaintiff
                                                       Katrina George

**PAYTON EMPLOYMENT LAW**
CALIFORNIA EMPLOYMENT LITIGATION
11500 W. OLYMPIC BLVD., SUITE 400, LOS ANGELES, CA 90064

**20**
**PLAINTIFF KATRINA GEORGE'S COMPLAINT**